S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**ETHAN D. KNIGHT**, OSB #99298
**CHARLES F. GORDER, JR.**, OSB #91287
Assistant United States Attorneys
ethan.knight@usdoj.gov
charles.gorder@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:12-CR-00659-MO |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER DIRECTING GOVERNMENT TO PRESERVE FISA/FAA-OBTAINED EVIDENCE** |
| **REAZ QADIR KHAN,** | |
| Defendant. | |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and through Ethan D. Knight and Charles F. Gorder, Jr., Assistant United States Attorneys, hereby responds to defendant's Motion for Order Directing Government to Preserve FISA/FAA-Obtained Evidence, ECF No. 67.

## I.     INTRODUCTION

On December 27, 2012, the grand jury returned an indictment charging defendant Reaz Khan with Conspiracy to Provide Material Support to Terrorists, in violation of Title 18, United States Code, Section 2339A.  (ECF No. 1).  Defendant Khan was arraigned on the indictment on

March 5, 2013.  (ECF No. 6).  Since that time, the government has provided the defense with voluminous discovery, including over 37,000 pages of reports and other documents and over 60 declassified recorded phone calls.  Some of this evidence was obtained or derived from the acquisition of foreign intelligence information conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended (hereinafter "FISA").  (*See* ECF No. 7 and ECF No. 59).[1]

The defendant has now filed a motion requesting an order regarding the preservation of evidence.  (Def.'s Mot., ECF No. 67).  Counsel for the government is unsure about the scope of the order that defendant is requesting with this motion.  Although the motion itself is styled as seeking an "Order Directing the Government to Preserve FISA/FAA-Obtained Evidence," in the text of the supporting pleading the defendant more broadly, and somewhat ambiguously, requests the Court to "order the government to preserve *all information seized during its investigation of Mr. Khan or any related targets or alleged coconspirators*."  (Def.'s Mot. 3) (emphasis added).  In any event, because (1) the government has endeavored to comply with and will continue to comply with the rules of discovery applicable to criminal cases, (2) the request is based upon rank speculation of the nature of the FISA collection relevant to this matter, and (3) the specific request herein is vague, ambiguous, overbroad, and goes beyond the rules of discovery in criminal cases, the defendant's motion should be denied.

/ / /

/ / /

---

[1] Information about the type, nature, and duration of the collection of foreign intelligence information pursuant to FISA relevant to this prosecution is classified.  Nothing herein should be read to confirm or deny defendant's speculations about such collection.

**Government's Response to Defendant's Motion for Order Directing**       **Page 2**
**Government to Preserve FISA/FAA-Obtained Evidence**

## II.   APPLICABLE DISCOVERY AND EVIDENTIARY STANDARDS

Discovery in criminal cases is controlled generally by Rule 16 of the Federal Rules of Criminal Procedure.[2]  Pretrial discovery is governed by Rule 16, the *Jencks Act* (18 U.S.C. § 3500), and *Brady v. Maryland*, 373 U.S. 83 (1963), along with cases decided thereunder.  The government has provided, and will continue to provide, pretrial discovery to the defendant in accordance with those discovery standards.  Indeed, much of the material provided to date goes beyond what is called for by these rules.  But consistent with its requirements to protect matters of national security, the government must rely on the strict requirements of the criminal discovery rules when necessary.  Certainly the defendant cannot contend that the numerous instances in which the government has voluntarily exceeded its discovery obligations somehow create a right to an *order* that the government do so.

Rule 16 provides for disclosure of several classes of information.  Presumably relevant to this motion is the required disclosure of (1) a defendant's own recorded statements and (2) certain documents and data which are within the government's possession, custody, or control.  Rule 16 applies only to statements, documents, and materials to which federal prosecutors have knowledge and access, that is, generally the files of the Department of Justice and of the investigative agency (and any other law enforcement agencies closely connected to the investigation).  Here, the FBI is the appropriate agency.  *United States v.*

/ / /

---

[2] Unless otherwise noted, any reference to a "Rule" herein refers to the Federal Rules of Criminal Procedure.

**Government's Response to Defendant's Motion for Order Directing**                                **Page 3**
**Government to Preserve FISA/FAA-Obtained Evidence**

*Santiago*, 46 F.3d 885, 893-94 (9th Cir. 1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

### A. Recorded Statements of the Defendant

Rule 16(a)(1)(B) requires the government to

> disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (i) any *relevant written or recorded statement* by the defendant if:
>
> • the statement is within the government's possession, custody, or control; and
>
> • the attorney for the government knows—or through due diligence could know—that the statement exists . . . .

(Emphasis added). Thus, any recorded or written statements of a defendant are discoverable only if they are both relevant and in the government's possession. The government has provided, and will continue to provide, relevant recorded or written statements of the defendant in the possession of the FBI.

### B. Tangible Items and Data

Rule 16(a)(1)(E) provides as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control, and:
>   (i)   the item is material to preparing the defense;
>   (ii)  the government intends to use the item in its case-in-chief at trial; or
>   (iii) the item was obtained from or belongs to the defendant.

**Government's Response to Defendant's Motion for Order Directing**  **Page 4**
**Government to Preserve FISA/FAA-Obtained Evidence**

Thus, a request for a category of information described as anything "seized from any related target or alleged coconspirator" goes substantially beyond those items described in Rule 16(a)(1)(E).

Furthermore, "[t]o obtain discovery under Rule [16(a)(1)(E)],[3] a defendant must make a prima facie showing of materiality." *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). A "general description of the materials sought or a conclusory argument as to their materiality is insufficient to satisfy the requirements of Rule 16(a)(1)(C)." *Cadet*, 727 F.2d at 1468. Similarly, a request for "all 'relevant' evidence" will be "inadequate to meet the requirements" of the rule. *Id.* Nor can a request for "all of the files" of the investigative agency be granted absent a showing of materiality. *United States v. Gordon*, 974 F.2d 1110, 1116-17 (9th Cir. 1992).

## III.    ARGUMENT

Here, the defendant seeks an order requiring retention of a broadly described and ambiguous category of "information," although he seems to encompass in this request an order preserving what he speculates was the nature and extent of the FISA collection referenced in the government's two notices of intended use. (ECF Nos. 7, 59). The government is constrained in its response herein because the retention procedures for the various types of FISA collection which the defendant speculates are at issue here are themselves by and large classified.

/ / /

---

[3] Then-Rule 16(a)(1)(C).

**Government's Response to Defendant's Motion for Order Directing**         **Page 5**
**Government to Preserve FISA/FAA-Obtained Evidence**

But we can state that such procedures have been promulgated by statute. For example, with regard to electronic surveillance under Title I of FISA, procedures have been "adopted by the Attorney General" which are "reasonably designed in light of the purpose and technique of the particular surveillance, to minimize the . . . *retention*, and prohibit the dissemination, of nonpublicly available information concerning unconsenting United States persons consistent with the need of the United States to obtain, produce, and disseminate foreign intelligence information." 50 U.S.C. § 1806(h)(1) (emphasis added). These procedures as well "allow for *the retention* and dissemination of information that is evidence of a crime . . . that is to be retained or disseminated for law enforcement purposes." 50 U.S.C. § 1806(h)(3) (emphasis added). See also 50 U.S.C. §§ 1821(4) and 1881a(e)(1), which require the Attorney General to adopt similar procedures for other modes of FISA collection. The Court should not lightly issue an order modifying such classified retention procedures, assuming they even need modification, absent a good reason to do so.[4]

In support of his motion, defendant cites to an unclassified opinion of Judge Walton of the FISC, *In re Application of the Federal Bureau of Investigation for an Order Requiring Production of Tangible Things*, No. BR 14-01 (FISA Ct., filed March 7, 2014), which discusses a requirement that metadata obtained pursuant to 50 U.S.C. § 1861, as amended, "be destroyed no later than five years (60 months) after its initial collection," *id.* at 2, and a report dated

/ / /

---

[4] Should the Court require it, counsel for the government will seek authority from the Attorney General to supplement the record by providing a classified *ex parte*, *in camera* brief concerning the retention procedures. *See* 50 U.S.C. § 1806(f).

**Government's Response to Defendant's Motion for Order Directing**       **Page 6**
**Government to Preserve FISA/FAA-Obtained Evidence**

April 16, 2014, from the National Security Agency's Civil Liberties and Privacy Office that references a similar retention period for certain metadata collected under Section 702 of FISA.

Absent, however, from the defendant's papers is any explanation for how such metadata, even if it exists relevant to this case, or for that matter any and all other information collected pursuant to FISA, could be material exculpatory evidence. Defendant simply speculates that required destruction of such information "could result in the loss of material evidence." (Def.'s Mot. 2).

Counsel for the government is aware of both the government's discovery obligations and its duty to preserve evidence in a criminal case. That duty to preserve evidence only applies to "material evidence, *i.e.*, evidence whose exculpatory value [is] apparent . . . and that is of such nature that the defendant cannot obtain comparable evidence." *United States v. Booth*, 309 F.3d 566, 574 (9th Cir. 2002) (quoting *Cooper v. Calderon*, 255 F.3d 1104, 1113 (9th Cir. 2001). *See also Illinois v. Fisher*, 5450 U.S. 544 (2004) (due process violation occurs if material exculpatory evidence is destroyed, but not if only potentially exculpatory evidence is destroyed unless there is bad faith). Absent some showing or specific reason why whatever the defendant speculates was collected by some agency of the United States in this matter could be material exculpatory evidence, the Court should not issue an order requiring the preservation of such material.

To repeat, the government has endeavored and will continue to endeavor to provide that evidence within our possession which is actually discoverable under Rule 16 or *Brady v. Maryland*. To the extent that there has been a good faith reason to believe that any other

government agency, besides the FBI, could have potentially discoverable or exculpatory information relevant to this case we have previously made appropriate inquiries and have produced or will produce any discoverable information received. But no prosecution, including this one, requires that a defendant be allowed access to all government files, or that other government agencies, not part of the prosecution and investigative team, should be ordered to retain unspecified information not demonstrably material to the defense.

Furthermore, the defendant's demand for the preservation of "all information seized during its investigation of Mr. Khan or any related targets or alleged co-conspirators," which literally applies to any entity of the United States conducting an investigation within or outside the United States, is overbroad. It could be read as applicable to *every employee* of *every agency* of the United States, whether closely connected to this case or not. This request far surpasses the scope of information to which any defendant is entitled.

Finally, the defendant's requested order, requiring retention of information concerning any "related target" or "alleged coconspirator" is ambiguous. As noted elsewhere, Al Qaeda's media outlet released a video showing Ali Jaleel's preparations and justifications for his upcoming suicide attack on the ISI headquarters in Lahore, Pakistan. Would the requested order apply to all information about all suspected members of Al Qaeda? The question answers itself. The burden of compliance on the government is not justified by any rational need to preserve truly exculpatory evidence.

/ / /

/ / /

## IV. CONCLUSION

For the reasons given above, the defendant's motion for an "Order Directing the Government to Preserve FISA/FAA-Obtained Evidence" should be denied.

Dated this 12th day of May 2014.

            Respectfully submitted,

            S. AMANDA MARSHALL
            United States Attorney


            *s/ Charles F. Gorder, Jr.*
            ETHAN D. KNIGHT, OSB #99298
            CHARLES F. GORDER, JR., OSB #91287
            Assistant United States Attorneys
            (503) 727-1000