Amy Baggio, OSB #01192
amy@baggiolaw.com
Baggio Law
621 SW Morrison, Suite 1025
Portland, OR 97205
Tel:    (503) 222-9830
Fax:    (503) 274-8575

John S. Ransom, OSB #742655
john@ransomblackman.com
Ransom Blackman LLP
1001 SW 5th Ave., Suite 1400
Portland, OR  97204
Tel:    (503) 228-0487
Fax:    (503) 227-5984

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cr-659-MO |
| Plaintiff, | |
| v. | REPLY TO RESPONSE TO MOTION FOR ORDER DIRECTING GOVERNMENT TO PRESERVE FISA/FAA-OBTAINED EVIDENCE |
| REAZ QADIR KHAN, | |
| Defendant. | |

The defendant, Reaz Qadir Khan, through counsel, hereby provides this Reply to the

government's Response (CR-76) to the defendant's Motion for Order Directing Government to

Preserve FISA/FAA-Obtained Evidence (CR-67).

Mr. Khan offers four points in reply to the government's response. First, the government has a duty to learn of material and exculpatory evidence. Second, the Federal Bureau of Investigation (FBI) is likely not the only agency in possession of material information. Third, the evidence for which the defendant seeks a preservation order is material. Fourth, defendant's request is not vague, but rather necessary to ensure fundamental fairness.

I.      The Government's Duty To Learn Of Material Information

In its response, the government suggests Rule 16 discovery applies only to evidence to which prosecutors have knowledge and access, and in this case, only to evidence with the FBI. Response at 3. The government has a "duty to learn" of exculpatory information, however, even when it resides within another agency. *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995). As held in *Wood*: "The government cannot with its right hand say it has nothing while its left hand holds what is of value." *Id. See also United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995) (agency involvement in investigation sufficient, but not necessary, factor to show that prosecution in "possession" of agency's information).

This premise applies in national security cases as well. Kris & Wilson, NATIONAL SECURITY INVESTIGATIONS & PROSECUTIONS 2D §§26:2-26:3 (2012) (describing prosecutors' obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), Fed. R. Crim. P. 16, and the Jencks Act). The United States Attorneys Manual requires a prosecutor to inquire of intelligence agencies when "there are documents or information within the intelligence community that fall reasonably within the scope of the prosecutor's affirmative discovery obligations to the defendant, as that scope has been defined by the Federal courts." USAM §9-90.210(B)(2). *See also* USAM Criminal Resource Manual

2052 (describing prosecutor's obligation to search intelligence community files).  Therefore, the prosecutors are obligated to seek out material and exculpatory information.

II.    Agencies Beyond The FBI Likely Possess Material Information

The government argues that the FBI is the only agency to which Rule 16 might apply in this case.  Response at 3.  There is reason, however, for the defense to conclude that other federal agencies have material information.  FBI agents – whether within the FBI's law enforcement or intelligence branches – interrogated Ali Jaleel in a Maldavian prison in 2006.   The source of the FBI's 2006 interest in Jaleel, whether derived from human intelligence or electronic/signals intelligence, is unknown.  If human intelligence gave rise to an investigation of Jaleel in the Maldives, this investigation might be within the realm of the Central Intelligence Agency.  If signals intelligence was the source of the investigation, the National Security Agency might be the investigative agency.

In 2008, Jaleel allegedly traveled from the Maldives to Pakistan and trained with some unidentified group to plan and conduct a bombing of the Pakistani Inter-Service Intelligence (ISI) Agency.  The bombing did not involve American lives or property and would not typically involve the FBI.  Any involvement of other federal agencies working simultaneously to, or in partnership with, the Pakistanis as they investigated the bombing is relevant and material to the defense.  The possibility of destruction of intelligence or law enforcement information relating to Jaleel raises grave concerns, especially when the loss of life resulting from the 2009 bombing increases the statutory maximum for the offense charged from fifteen years to life.

In addition, evidence relating to whether the United States was "at peace" with Pakistan during the indictment period is also likely in the hands of an agency other than the FBI.  Whether

the two countries were at peace is a material element of the predicate 18 U.S.C. §956(b) offense. *United States v. Chhun*, 744 F.3d 1110, 1118-19 (9th Cir. 2014). Because publicly available information suggests the two countries may not have been at peace during the indictment period, this information is both material and exculpatory. *See, e.g.,* Jonathan Landay, *Distrust Lingers over U.S., Pakistan effort to expand relations*, MCCLATCHY NEWSPAPERS, Mar. 24, 2010, http://www.mcclatchydc.com/2010/03/24/91020/distrust-lingers-over-us-pakistan.html ("distrust has been fed by Pakistani diversions of technology to the Iranian and North Korean nuclear programs, U.S. sanctions imposed after Pakistan's 1998 nuclear tests, U.S. drone attacks in the tribal area that have killed civilians, and a popular perception in Pakistan that the insurgency there is the result of the U.S. presence in neighboring Afghanistan or an American-led crusade against Islam."); *Jason Burke, Pakistan intelligence services 'aided Mumbia terror attacks'*, THE GUARDIAN, 10/18/10, http://www.theguardian.com/world/2010/oct/18/pakistan-isi-mumbai-terror-attacks; *Secret Pakistan* (BBC Documentary broadcast 10/26/11) (U.S. leaders and former CIA agents discuss Pakistan's double-dealing the United States, including knowingly withholding information since 2006 regarding Osama Bin Laden's residence near Abbottabad and willfully assisting the Taliban)[1].

III.    Mr. Khan Offers Examples Of Other Missing Evidence To Establish Materiality

Contrary to the government's assertions (Response at 7), the defendant's motion to prevent destruction relates to material and likely exculpatory evidence. The materiality of the evidence is exemplified by the nature of the government's theory of guilt and by the discovery provided – and not provided – by the government.

---

[1] *Secret Pakistan* is available online at: http://topdocumentaryfilms.com/secret-pakistan/ (last visited May 19, 2014).

A.      The Government's Theory

The government has conceded to the defense that it has no direct evidence of Mr. Khan's knowledge of intentions by Jaleel to commit an act of violence when Khan allegedly provided Jaleel support in the fall of 2008.  The government intends to rely on circumstantial evidence to try to convince a jury that Mr. Khan knew and intended Jaleel would utilize the support to commit an act of violence.  The government's purported circumstantial evidence of guilt includes email messages, recorded phone calls, and evidence related to websites visited by a user connected to Mr. Khan's computer.[2]  However, it is patently clear that the government has not provided all of the available information related to Mr. Khan's phone calls, email messages, or internet browsing.  Because the government will neither confirm nor deny the existence of additional evidence, the defense cannot know whether the evidence has been preserved and is in the possession of the prosecution team, or if the additional evidence exists with some other agency.  If the evidence was collected pursuant to FISA– as it appears to have been – and if the evidence has not been secured by the prosecution team, then the evidence is at risk of being destroyed pursuant to agency minimization procedures regarding retention of information.  *See* Motion at 2-3.  Therefore, Mr. Khan's request is necessary.

B.      Examples Of Missing Material Evidence

The defendant is able to identify certain known missing discovery, but is obviously unable to identify unknown missing discovery.  He hereby offers examples to illustrate material information known to exist but not provided by the government. The evidence discussed below is discoverable under Fed. R. Crim. P. 16(a)(1)(B) & (E).

_____

[2]Mr. Khan will address in a separate motion whether phone calls, email messages, or internet browsing after the fact – sometimes years after the fact – constitute admissible evidence of Mr. Khan's knowledge at the time of the alleged assistance.

1.     Defendant's Emails

Discovery contains over 500 emails from 2005 to 2012, involving at least 196 different email addresses.  Based on both discovery and on the defense's independent investigation, there exist a large number of Mr. Khan's emails and related metadata that have not been included in discovery.[3] It is not known if these missing messages are in the possession of the prosecution team but have not been provided to the defense, or if the missing emails are in the possession of some other agency.  Because the defendant's statements may be in the possession of an agency subject to an internal retention policy calling for destruction after a certain period of time, a defense request for an order preventing destruction of the defendant's written statements is necessary.

2.     Missing Calls

Based on the discovery, the government has listened to Mr. Khan's phone calls from at least August 29, 2009, through at least January 28, 2012.  Despite a minimum of 29-months of apparent monitoring, the government has provided a mere 64 recorded calls.  Call detail records provided by the government for Mr. Khan's number, which was the target of the FISA telephone monitoring, reflect that the monitored telephone number was involved in 8,737 calls between August 29, 2009, and September 8, 2011. Therefore, a great number of additional calls during the monitored time period have not been produced in discovery.  The defense does not know whether these calls and any related metadata are in the custody of the prosecution team or if they exist with another agency. If the latter, the possibility of destruction exists and the defendant's motion is necessary.

---

[3]Mr. Khan's  has made best efforts to obtain any available emails from the relevant time period. His efforts have been limited, however, by internet service providers' retention policies.

### 3. Missing Internet Browsing Information

The government monitored Mr. Khan's internet use, perhaps for years. In discovery, the government has disclosed evidence of internet activity that it believes advances a particular view of Mr. Khan. However, the government's excerpts distort the reality of Mr. Khan's internet browsing. The email evidence illustrates that Mr. Khan forwarded links to news articles from websites such as www.cnn.com, www.telegraph.co.uk, www.nasdaq.com, and the www.wallstreetjournal.com; however, no evidence of browsing of these types of websites was included in the government's internet browsing evidence. Because the defense does not know whether the missing evidence is in the possession of the prosecution team or in the possession of some other agency, a motion to preserve evidence is necessary.

### 4. Evidence Related To Alleged Co-Conspirator(s)

Other than Ali Jaleel, the government has refused to disclose the identities of individuals it alleges were co-conspirators. Regarding Ali Jaleel, the government has provided in discovery emails and online postings purportedly by Jaleel. The government has provided statements of other individuals as well, possibly because the government seeks to introduce them as co-conspirator statements. Mr. Khan asserts written statements or other electronic evidence – including metadata – related to people the government alleges are co-conspirators should be preserved as material to the defense.

### C. In Sum, Mr. Khan Has Established Missing Material Evidence Sufficient To Issue A Preservation Order

The government stated in its response: "Absent some showing or specific reason why whatever the defendant speculates was collected by some agency of the United States in this matter could be material exculpatory evidence, the Court should not issue an order requiring the

preservation of such material." Response at 7.  In a case in which the government intends to offer certain websites, emails, and calls as circumstantial evidence of Mr. Khan's knowledge and intent, the existence of other websites, emails and calls is material and exculpatory, particularly when the other websites, emails, and calls place the previously provided evidence in a dramatically different context. Moreover, because metadata connected to this electronic evidence can assist in establishing the actual users of electronic devices and their locations, the metadata is equally material to the defense.

IV.     Fundamental Fairness Requires Preservation Of Evidence

The government asserts that the defense's motion for preservation of evidence is vague, ambiguous, broad, and constitutes "rank speculation."  Response at 2.  The argument that Mr. Khan's motion lacks specificity is ironic considering the fact that any speculation on the part of the defendant is caused by the government's refusal to disclose information.  Undersigned counsel is unaware of any other type of federal criminal case in which an investigating agency may destroy unique information gathered during the investigation prior to the conclusion of the criminal proceeding.   The defense has no independent means of obtaining recorded calls, email messages, internet browsing, or related metadata from years past. Moreover, there is an additional irony in this case.

The government has successfully argued that all calls/electronic communications must be captured under FISA because the importance of recordings may not become apparent until further review and investigation.  *See, e.g, In re All Matters Submitted to Foreign Intelligence Surveillance Court*, 218 F. Supp. 2d 611, 617 (Foreign Intel. Surv. Ct. 2002) ("large amounts of information are collected by automatic recording to be minimized after the fact" and "[v]irtually all information seized,

whether by electronic surveillance or physical search, is minimized hours, days, or weeks after collection."), *abrogated on other grounds by In re Sealed Case*, 310 F.3d 717 (Foreign Intel. Surv. Ct. Rev. 2002); *see also* Kris & Wilson, *supra*, §9:4 ("In many cases, FISA minimization permits acquisition of nearly all information from a monitored facility or searched location.").  The district court in the Southern District of New York explained that the government's need to record *all FISA calls and to retain that information for long periods of time* is necessary because of language barriers, possible coding used by targets, and because "innocent-sounding conversations may later prove to be highly significant, and because individual items of information, not apparently significant when taken in isolation, may become highly significant when considered together over time." *United States v. Rahman*, 861 F. Supp. 247, 252-53 (S.D.N.Y. 1994).

The same reasoning applies to material and potentially exculpatory information from the defense perspective.  The government should be precluded from destroying evidence gathered during the course of its investigation of Mr. Khan or his alleged co-conspirators in this case. *Dennis v. United States*, 384 U.S. 855, 873-74 (1966) ("A conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility to one or more of the multiple defendants. ... Under these circumstances, it is especially important that the defense, the judge and the jury should have the assurance that the doors that may lead to truth have been unlocked. In our adversary system for determining guilt or innocence, it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact.").  The stakes are simply too high to allow for the possibility of destruction of evidence that is material and potentially exculpatory.

V.      Conclusion

For the reasons in the original Motion, Supporting Memorandum, and in this Reply, the

Court should order the government to preserve material evidence as requested by Mr. Khan.

Respectfully submitted on May 19, 2014.


                                    /s/ Amy Baggio
                                    Amy Baggio, OSB #01192
                                    (503)222-9830
                                    Of Attorneys for Defendant