**AMY BAGGIO, OSB No. 011920**
amy@baggiolaw.com
BAGGIO LAW
621 S.W. Morrison, Suite 1025
Portland, OR 97205
Tel:   (503) 222-9830
Fax:   (503) 274-8575

**JOHN S. RANSOM, OSB No. 742655**
john@ransomblackman.com
RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland OR  97204
Tel:   (503) 228-0487
Fax:   (503) 227-5984

        **Attorneys for Defendant Reaz Qadir Khan**

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Portland Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 3:12-CR-659-MO |
| Plaintiff, | |
| v. | **DEFENDANT'S MOTION FOR A BILL OF PARTICULARS** |
| **REAZ QADIR KHAN,** | |
| Defendant. | |

The defendant, Reaz Qadir Khan, through counsel, requests a Bill of Particulars.

Page 1   -   **DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

We request the Court first rule on our Motion to Dismiss prior to its consideration of this Motion.

The purpose of Rule 7(f), F.R.Cr.P., is to assist a defendant in his preparation for trial.

While discovery in criminal cases has allegedly been liberalized, there is no provision for devices such as discovery depositions, interrogatories and requests for admissions. In fact, the rules pertaining to discovery in a criminal case fall far short of "leveling the playing field" as is the case in a civil matter even though the stakes are far higher involving the liberty of a defendant.

The test in passing on a motion for a bill of particulars is whether it is necessary that the defendant have the particulars sought in order to prepare his defense and in order to avoid prejudicial surprise:

> The purposes of a bill of particulars are threefold: To inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (internal quotations omitted).

A bill of particulars is appropriate when an indictment is insufficient to permit the preparation of an adequate defense. *United States v. Dicesare,* 765 F. 2d 890, 897 (9th Cir. 1985). Although a defendant is not entitled to know all the evidence the government intends to produce, he is entitled to know the theory of the government's

Page 2  -    **DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

case. *Yeargain v. United States,* 314 F.2d 881, 882 (9th Cir. 1963). A bill of particulars should be granted where it is necessary to enable the accused to adequately prepare his defense and to avoid surprise at trial. *United States v. Inryco*, 642 F.2d 290, 295 (9th Cir. 1981), *cert. dismissed*, 454, U.S. 1167 (1982); *Remmer v. United States*, 205 F.2d 277, 281 (9th Cir. 1953). This is particularly so in cases alleging fraudulent documentation and requests to specify or identify them. *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

In determining whether a bill of particulars should be granted, the trial court has broad discretion which should be exercised fairly and with an understanding that "for practical purposes, the trial court's exercise of discretion is almost invariably final." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977), quoting 1 C. Wright, *Federal Practice and Procedure*, §130 at 296 (1969). It is important to note that, given this broad discretion, most appellate decisions result in affirming a trial court's decision <u>not</u> to grant a bill of particulars. However, due to the nature of our system, very few cases reach the appellate courts in which a bill of particulars <u>has</u> been granted since the government may not appeal such a ruling.

> The conspiracy is alleged as follows: "Beginning no later than December 14, 2005, and continuing through June 2, 2009, in the District of Oregon and elsewhere, **REAZ QADIR KHAN** conspired with Ali Jaleel, and others both known and unknown to the Grand Jury, to provide material support and resources, as that term is defined in 18 U.S.C. Section 2339A(b), and to conceal and disguise the nature, location, source, and ownership of such material support and resources, knowing and intending

//

**Page 3 -    DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

that they were to be used in preparation for and in carrying our a violation of Title 18, United States Code, Section 956 (conspiracy to kill, maim, or kidnap persons or damage property in a foreign country)."

## BILL OF PARTICULARS

1. Identify the conduct in the §956 conspiracy the government must prove beyond a reasonable doubt.

2. Identify the conduct in the §2339A conspiracy the government must prove beyond a reasonable doubt.

3. Identify all known but unidentified co-conspirators.

4. Identify the documents and testimony which prove the advice Mr. Khan provided which he intended to assist Ali Jaleel in his efforts to travel undetected from the Maldives.

5. Identify the documents and testimony which provide the advice Mr. Khan provided to Ali Jaleel to train to commit violent jihad.

6. Identify the documents and testimony upon which the government will rely which shows Mr. Khan used coded language when he communicated with Ali Jaleel.

7. Identify the documents or other evidence which provide Mr. Khan's knowledge Ali Jaleel would attend a training camp.

8. Identify the documents or other evidence upon which the prosecution will rely which proves Mr. Khan knew Ali Jaleel would engage in an attack such as the May 27, 2009, attack.

//

**Page 4   -   DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

9. Identify the documents or other evidence upon which the prosecution will rely identifying the conspirators in the §956 conspiracy.

10. Identify the documents and testimony which provide the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish when each named conspirator entered into the §956 conspiracy.

11. Identify the documents and testimony which provide the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish when Ali Jaleel entered into the §956 conspiracy and with whom.

12. Identify the documents and testimony which provide the means and objects of the §956 conspiracy upon which the government will rely at the time of the defendant's entry into the §2339A conspiracy.

13. Identify the documents and testimony upon which the government will rely to identify any and all attacks, and/or planned attacks, upon civilians or civilian objects to which the defendant is alleged to have agreed.

14. Identify the documents and testimony upon which the government will rely to identify any and all persons whom the defendant is alleged to have agreed to murder.

15. Identify the documents and testimony upon which the government will rely to prove where and when any and all alleged overt acts in furtherance of the alleged §956 conspiracy occurred.

//

**Page 5 -    DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

16.     Identify the documents and testimony upon which the government will rely to prove the specific acts of terrorism the defendant conspired to commit and/or of which he had advance knowledge and the commission of which he agreed.

17.     Identify the documents and testimony upon which the government will rely to prove the defendant knew which country would be the situs of the alleged conspiracy.

Dated this 15th day of September, 2014.

                                                        Respectfully submitted,

                                                      RANSOM BLACKMAN LLP

                                                      */s/ John S. Ransom*
                                                      JOHN S. RANSOM
                                                      OSB No. 742655
                                                      (503) 228-0487
                                                      Attorneys for Defendant
                                                      Reaz Qadir Khan

Page 6  -    DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served the foregoing DEFENDANT'S MOTION FOR A BILL OF PARTICULARS on the following attorneys by electronic case filing a full and correct copy thereof on the 15th day of September, 2014.

>Charles F. Gorder, Jr.
>Assistant United States Attorney
>Ethan D. Knight
>Assistant United States Attorney
>United States Attorney's Office
>Suite 600
>1000 S.W. Third Avenue
>Portland, OR 97204-2902

>RANSOM BLACKMAN LLP

>*/s/ John S. Ransom*
>JOHN S. RANSOM
>OSB No. 742655
>[503] 228-0487
>Of Attorneys for Defendant
>Reaz Qadir Khan