**AMY BAGGIO, OSB No. 011920**
amy@baggiolaw.com
BAGGIO LAW
621 S.W. Morrison, Suite 1025
Portland, OR 97205
Tel:    (503) 222-9830
Fax:    (503) 274-8575

**JOHN S. RANSOM, OSB No. 742655**
john@ransomblackman.com
RANSOM BLACKMAN LLP
1001 S.W. Fifth Avenue, Suite 1400
Portland OR  97204
Tel:    (503) 228-0487
Fax:    (503) 227-5984

        **Attorneys for Defendant Reaz Qadir Khan**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Portland Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **No. 3:12-CR-659-MO** |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT** |
| v. | |
| **REAZ QADIR KHAN,** | |
| Defendant. | |

The defendant, Reaz Qadir Khan, through counsel, moved for an Order pursuant to

Rule 7(d), F.R.Cr.P., to strike surplusage from the indictment.

**Page 1-    MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
STRIKE SURPLUSAGE FROM INDICTMENT**

The rule states, in pertinent part, that "the court on motion of the defendant may strike the surplusage from the indictment or information."

The purpose of such a motion is protect a defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Terrigno*, 838 F.3d 371, 373 (9th Cir. 1988), *quoting United States v. Ramirez*, 710 F.2d 535, 544-45 (9th Cir. 1983).

The "standard" relief available to a defendant when an indictment contains an immaterial, inflammatory or prejudicial statement is to strike such language as "surplusage" under Federal Rule of Criminal Procedure 7(d). As the Ninth Circuit noted in *United States v. Ramirez*, *supra*:

> The purpose of Rule 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges. *United States v. Poore,* 594 F.2d 39, 41 (4th Cir. 1979). Thus it has been invoked to strike aliases from indictments where the alias was not relevant to the issue of the defendant's identification, *see, e.g., United States v. Wilkerson,* 456 F.2d 57 (6th Cir.), *cert. den.,* 408 U.S. 926, 92 S. Ct. 2507, 33 L. Ed. 2d 337 (1972), and to strike prejudicial language describing the nature of a prior felony conviction (carrying a handgun) from an indictment charging defendant with possession of a firearm by a previously convicted felon, *e.g., United States v. Poore,* 594 F.2d at 41.

*Id.* 544-45.

1.    **"Conspiracy to Provide Material Support to Terrorists"**

Title 18, U.S.C., §2339A. is entitled "Providing material support to terrorists." The government has inserted this at the beginning of the indictment. Nowhere in the statute is the word "terrorists" used. Descriptions that are not legally essential to the

**Page 2-    MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**

charge are surplusage. *Bargas v. Burns,* 179 F.3d 1207, 1216 n.6 (9th Cir. 1999) ("We have repeatedly held that language that describes elements beyond what is required under statute is surplusage."). In *Beverly Community Hospital Association v. Belshe*, 132 F.3d 1259 (9th Cir. 1997), the court noted, in interpreting a statute, "[w]hile titles of acts are not part of the law, they can be used to resolve ambiguity in a statute, so long as they do not contradict the actual text." *Beverly* at 1266 n.6.

In *United States v. Chhun,* 744 F.3d 1110, 1116 (9th Cir. 2014), the court held in regard to a challenge to the use of the word terrorist: "Section 956(a) does not limit its application to 'terrorist' acts, or to acts that affect United States citizens or interests. The statute applies to '[w]hoever . . . conspires with one or more other persons . . . to commit at any place outside the United States an act that would constitute the offense of murder.' 18 U.S.C. §956(a)(1)."

By referring to anyone as a "terrorist," the prosecutor or witness is, in effect, offering an opinion and the justness of the government's case. This cannot be done without violating the defendant's Constitutional rights pursuant to the Fifth and Fourteenth Amendments. *See Berger v. United States*, 295 U.S. 78, 88 (1934); *United States v. Young*, 470 U.S. 1, 18 (1985); *United States v. Kerr*, 981 F.2d 1050, 1053-54 (9th Cir. 1992).

Finally, this raises issues pursuant to F.R.E. 403 as being prejudicial.

//

**Page 3-**        **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**

Therefore, the use of the term "terrorists" should be stricken.

**2.     Acts of Ali Jaleel and Others Prior to the Alleged Conspiracy**

The indictment contains allegations pertaining to Ali Jaleel and others which are not part of the alleged conspiracy.  Paragraph 13.c. describes a conspiracy unrelated to the instant conspiracy in which Ali Jaleel and others in 2006 sought to leave the Maldives to go to Iraq or Afghanistan.  Mr. Khan was not a party to that conspiracy and was unaware of its existence.

**3.     "such as the May 27, 2009 . . . ."**

Paragraph 11 of the indictment alleges:  "**Khan** would provide Jaleel financial assistance so that Jaleel could attend a training camp in preparation for an attack *such as the May 27, 2009 attack in Lahore, Pakistan;*".  (Emphasis added).  This is surplusage as it does not advance the indictment in any fashion.  If the government chooses to indict on the basis the object of the §956 conspiracy *was* the May 27, 2009, attack in Lahore, Pakistan, it should so allege.

//

//

//

//

//

//

**Page 4-        MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**

**4.      Section 956(b)**

Based on the government's pleadings, the reference to §956(b) should be stricken.

Dated this 15th day of September, 2014.

Respectfully submitted,

RANSOM BLACKMAN LLP


*/s/ John S. Ransom*
JOHN S. RANSOM
OSB No. 742655
(503) 228-0487
Attorneys for Defendant
Reaz Qadir Khan

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MEMORANDUM IN SUPPORT OF

DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT on the

following attorneys by electronic case filing a full and correct copy thereof on the 15th

day of September, 2014.

       Charles F. Gorder, Jr.
       Assistant United States Attorney
       Ethan D. Knight
       Assistant United States Attorney
       United States Attorney's Office
       Suite 600
       1000 S.W. Third Avenue
       Portland, OR 97204-2902

       RANSOM BLACKMAN LLP


       */s/ John S. Ransom*
       JOHN S. RANSOM
       OSB No. 742655
       [503] 228-0487
       Of Attorneys for Defendant
       Reaz Qadir Khan

**CERTIFICATE OF SERVICE**