UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

    v.

**REAZ QADIR KHAN**,

        Defendant.

No. 3:12-cr-00659-MO

OPINION AND ORDER

**MOSMAN, J.**,

    The precise motion before the court is one for clarification. Essentially, the defense moves the court to require the government to identify what statutory or other authorities it relied on in collecting evidence against Mr. Kahn, so that it can challenge either the authorities themselves—presumably a facial challenge to their constitutionality—or the government's exercise of those authorities on the particular facts of this case. [1] In support of this motion, defendant makes two main arguments: (1) he is entitled to notice of the authority relied on by the government in its investigation so he may challenge the legality of the government's investigatory techniques and the admissibility of any resulting evidence (citing *Wong Sun v. United States*, 371 U.S. 471, 486-88 (1963)), and (2) the government may not unilaterally decide such issues, by applying definitions of "collection" and "acquisition" that beg the question, or by determining standing *ex ante*.

---

[1] In this case, the government has taken some steps, in its letter of October 15, 2014 and at oral argument, to limit the number of potential authorities subject to challenge.

1 – OPINION AND ORDER

I largely agree with both propositions. First, I agree that defendant is entitled to a full opportunity to challenge the legality of the government's investigatory techniques, and the resulting admissibility *vel non* of evidence. I also agree that questions about standing, or about whether certain techniques constitute acquisition, collection, or something else, are reserved for the court to decide, not the government.

The principal problem with the motion to clarify is that its core arguments are, in a sense, premature. What is really at stake in the motion is whether I have the authority, in a case involving classified procedures and evidence, to require the government to disclose the authorities it relied on, so that the defense may challenge only those authorities, and no others. If no such disclosure is required, the defense will be put to the task of challenging all potential authorities and collection issues, without knowing for sure which are in play in this case. So this motion does not present a question of whether the defendant's rights under *Wong Sun* and its progeny will be honored or not. It presents the question whether the defendant can be given the information that will allow that challenge to be made in the most efficient way.

I love efficiency, but the motion to clarify raises issues under the Classified Information Procedures Act (CIPA). As the government has made clear, the answers to the questions raised by this motion would necessarily reveal important classified information related to national security.  In determining whether to compel the government to reveal classified information, the court must weigh two fundamental competing interests: (1) the interest of the defendant in mounting a defense; and (2) the public interest in enabling the government to protect its sources. *See United States v. Roviaro*, 353 U.S. 53, 60 (1957). In *Roviaro*, the Court relied on two principles to resolve these competing interests. First, the defendant's interest is triggered only when information in the government's possession is "relevant and helpful." *Id.* at 60. Second,

when such evidence is relevant and helpful, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62.

Appellate courts have applied the reasoning of *Roviaro* in interpreting the requirements of CIPA, holding that classified information may be withheld from discovery when the information is not relevant or when the information is relevant but not helpful to the defense. *See United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989); *see also United States v. Klimavicius-Viloria,* 144 F.3d 1249, 1261 (9th Cir. 1998). The DC Circuit noted that:

> [C]lassified information is not discoverable on a mere showing of theoretical relevance in the face of the Government's classified information privilege, but that the threshold for discovery in this context further requires that a defendant seeking classified information, like a defendant seeking the informant's identity in *Roviaro*, is entitled only to information that is "at least helpful to the defense of the accused."

*Yunis*, 867 F.2d at 623 (quoting *Roviaro*, 353 U.S. at 60-61).

The information requested by Mr. Khan fails to pass this test. This court is not instructed to ask whether the defendant should be provided with information to help alleviate some of the burdens associated with preparing for trial. Instead, the court must determine whether the information requested is relevant and helpful in the defense of the case. Since I do not find that Mr. Khan's request meets these requirements, I deny his request.

The day will come when the standing, collection, and other issues foreshadowed in this motion will be litigated in this case. Due to the constraints of CIPA, properly applied in this case, that day will come in the next round of motions, without the narrowing of issues that detailed disclosure would allow.

DATED this __24th__ day of November, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER