

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*   (503) 727-1000
*Portland, OR 97204-2902*             Fax (503) 727-1117

February 2, 2015

Amy M. Baggio
Attorney at Law
621 SW Morrison St., Ste. 1025
Portland, OR 97205

Lawrence Matasar
Lawrence Matasar PC
621 SW Morrison, Ste. 1025
Portland, OR 97205

Re:   *United States v. Reaz Qadir Khan*, Case No. 3:12-CR-00659-MO
      Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant agrees to waive indictment and any defense of statute of limitations and plead guilty to the enclosed Superseding Information, which charges him with being an accessory after the fact to a conspiracy to provide material support to terrorists which resulted in death, in violation of Title 18, United States Code, Sections 3, 956(a), and 2339A.

3.   **Penalties**:  The maximum sentence is 15 years' imprisonment, a fine of $125,000, three (3) years of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.   **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss the pending Indictment against defendant.  The USAO further agrees not to bring additional criminal charges against defendant or any immediate family member known to the United States Government at the time of this agreement.

5.   **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Revised 02/03/10

Amy M. Baggio
Lawrence Matasar
Re:  Reaz Khan Plea Letter
Page 2

6. **Calculation of Offense Level**: The parties agree that defendant's offense level is calculated as follows: Pursuant to U.S.S.G. § 2X.3.1(a)(3)(A) [Accessory After the Fact] the Base Offense Level is 30, prior to adjustments. The parties further agree that U.S.S.G. § 3A1.4 applies to defendant's case and that therefore the base offense level is increased by 12 to 42.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level to level 39. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Calculation of Criminal History Category**: The parties agree that pursuant to U.S.S.G. § 3.A1.4 the Criminal History Category is VI.

9. **Advisory Guideline Range**: The parties agree that the calculated advisory guideline range is 360 months to life. In light of the fact that the maximum sentence for the offense is 15 years, the advisory guideline sentence would be 180 months.

10. **Additional Departures, Adjustments, or Variances**: The parties agree that the appropriate sentence under Title 18, United States Code, Section 3553(a) is 87 months' imprisonment. The parties agree that a supervised release term of three years should be imposed.

11. **Waiver of Appeal/Post-Conviction Relief**: By accepting the benefits of this plea agreement, defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under Title 28, United States Code, Section 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33.

12. **Court Bound**: If the Court accepts the parties' plea agreement, the Court agrees to be bound by the recommended sentence of the parties. Because this agreement is made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties may rescind the agreement and defendant may withdraw his plea if the Court declines to follow the parties' agreement or recommendations.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Revised 02/03/10

Amy M. Baggio
Lawrence Matasar
Re: Reaz Khan Plea Letter
Page 3

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not signed, accepted, and returned to our office by February 4, 2015, at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

CHARLES F. GORDER, JR.
Assistant United States Attorney

ETHAN D. KNIGHT
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/3/2015
Date

REAZ QADIR KHAN
Defendant

We represent the defendant as legal counsel. We have carefully reviewed every part of this agreement with defendant. To our knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/3/2015
Date

AMY M. BAGGIO

2/3/2015
Date

LAWRENCE MATASAR
Attorneys for Defendant

Revised 02/03/10